IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

Techtronic Industries North America, )
Inc.; TTI Consumer Power Tools, Inc. )
d/b/a Techtronic Industries Power )
Equipment; and Techtronic Industries )
Cordless GP, )
)
             Plaintiffs, )
)
      v. )
)
Jason Morris, an individual, Richard )
(Rick) Davidian, an individual; and )
MADI, LLC, a South Carolina limited )
liability company, )
)
            Defendants )

C.A. No. 8:26-cv-01227-JDA

## DEFENDANT MADI, LLC'S ANSWER AND COUNTERCLAIM TO PLAINTIFFS' COMPLAINT

Defendant MADI, LLC ("Defendant" or "MADI"), by and through its undersigned counsel, responds to Plaintiffs Techtronic Industries North America, Inc., TTI Consumer Power Tools, Inc. d/b/a Techtronic Industries Power Equipment, and Techtronic Industries Cordless GP's (collectively "Plaintiffs") Complaint as follows:

## BACKGROUND

MADI is a manufacturer and marketer of innovative utility tools for linemen. MADI's products deliver safer and innovative tools to linemen to get a job done in a safe and efficient matter. MADI stands for Making A Difference through Innovation and is exclusively devoted to specialty tools for linemen. MADI is a side project for Jason Morris and not competitive to TTI Consumer Power Tools, Inc who sells consumer tools exclusively to Home Depot and WalMart.

The original members of MADI are Defendants Jason Morris and Rick Davidian who formed MADI as a side project with the assistance of Jason Morris' father-in-law Ralph Stinson and Jason's father Wayne Morris. Ralph Stinson is a retired 45 year Lineman and Lineman Supervisor for Tampa Energy. Wayne Morris is a retired sales industry executive from Wilson Sporting Goods and tool maker Black and Decker. Not ironically, Wayne Morris is the person who hired both Joe Galli (former President and CEO) and Steve Richman (Current President and CEO) to Black & Decker.

Ralph Stinson and Wayne Morris are the face of MADI through their collective efforts provide purpose to them in retirement and a vocational mission to allow for innovation in a specialized industrial trade where Linemen literally hold life and death in their hands. MADI is a family project for Ralph Stinson, Wayne Morris, and Jason Morris. MADI is not competitive to Plaintiffs. MADI has not caused any harm to Plaintiffs.

## FOR A FIRST DEFENSE

### NATURE OF THE ACTION

In response to the specific numbered allegations in Plaintiffs' Complaint, Defendant responds as follows:

1. Defendant denies the allegations in Paragraph 1 of the Complaint. The Complaint defines "Techtronic Industries North America, Inc., TTI Consumer Power Tools, Inc. d/b/a Techtronic Industries Power Equipment, and Techtronic Industries Cordless GP" collectively as "TTI" and "Plaintiffs" and further alleges that the Defendants Jason Morris and Richard (Rick) Rick Davidian were "two former high-ranking TTI employees" who had various agreements with "TTI." However, as Plaintiffs are fully aware, that is not accurate. For example, the 2011 Agreement Limiting Certain Unfair Activities ("ALCUAs") was not with "TTI" but rather One

World Technologies, Inc., who is not a party to this lawsuit. The Defendants have moved collectively to dismiss this lawsuit on these grounds and have moved in the alternative for a more definite statement.

2.     Defendant denies the allegations in Paragraph 2 of the Complaint.

3.     Defendant denies the allegations in Paragraph 3 of the Complaint.

4.     Defendant denies the allegations in Paragraph 4 of the Complaint.

5.     Defendant denies the allegations in Paragraph 5 of the Complaint.

6.     Defendant denies the allegations in Paragraph 6 of the Complaint.

7.     Defendant denies the allegations in Paragraph 7 of the Complaint.

## THE PARTIES

8.     Defendant admits the allegations in Paragraph 8 of the Complaint.

9.     Defendant admits the allegations in Paragraph 9 of the Complaint.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies them.

11.     Defendant admits the allegations in Paragraph 11 of the Complaint.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations in Paragraph 13 of the Complaint.

## JURISDICTION AND VENUE

14.     In response to the allegations in Paragraph 14 of the Complaint, Defendant admits that the Court has subject matter jurisdiction over this action but denies any inference that Plaintiffs are entitled to any remedy or relief from Defendant.

15.     In response to the allegations in Paragraph 15 of the Complaint, Defendant admits that the Court has subject matter jurisdiction over this action but denies any inference that Plaintiffs are entitled to any remedy or relief from Defendant.

16.     In response to the allegations in Paragraph 16 of the Complaint, Defendant admits that venue is proper in this District but denies any inference that Plaintiffs are entitled to any remedy or relief from Defendant.

17.     In response to the allegations in Paragraph 17 of the Complaint, Defendant admits that the Court has jurisdiction over this action but denies any inference that Plaintiffs are entitled to any remedy or relief from Defendant and specifically denies that Defendants Jason Morris and Rick Davidian had an Agreement with "TTI" as its defined in the Complaint.

## FACTUAL ALLEGATIONS

18.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, denies them. Defendant specifically denies that TTI, as defined in the Complaint, manufactures Milwaukee products.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, denies them.

20.     Defendant denies the allegations in Paragraph 20 of the Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Complaint.

22.     The allegations in Paragraph 22 of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint.

23.     In response to the allegations in Paragraph 23 of the Complaint, Defendant admits Defendants Jason Morris and Rick Davidian likely executed an Agreement Regarding Trade

Secrets and Confidential or Proprietary Information Inventions with some entity and those Agreements speak for itself. Defendant denies any remaining allegations in Paragraph 23 of the Complaint.

24.     In response to the allegations in Paragraph 24 of the Complaint, Defendant admits Defendants Jason Morris and Rick Davidian likely executed an Agreement Regarding Trade Secrets and Confidential or Proprietary Information Inventions with some entity and those Agreements speak for itself. Defendant denies any remaining allegations in Paragraph 24 of the Complaint.

25.     In response to the allegations in Paragraph 25 of the Complaint, Defendant admits that Defendants Jason Morris and Rick Davidian likely signed an Ethics Handbook with some entity and that handbook speaks for itself. Defendant denies any allegations inconsistent with the terms of handbook and acknowledgement. Defendant denies any remaining allegations in Paragraph 25 of the Complaint.

26.     In response to the allegations in Paragraph 26 of the Complaint, Defendant admits that Defendants Jason Morris and Rick Davidian likely signed an Ethics Handbook with some entity and that handbook speaks for itself. Defendant denies any allegations inconsistent with the terms of handbook and acknowledgement. Defendant denies any remaining allegations in Paragraph 26 of the Complaint.

27.     In response to the allegations in Paragraph 27 of the Complaint, Defendant admits that Defendants Jason Morris and Rick Davidian likely signed annual reviews with some entity. Defendant denies any allegations inconsistent with the terms of those reviews. Defendant denies any remaining allegations in Paragraph 27 of the Complaint.

28.     In response to the allegations in Paragraph 28 of the Complaint, Defendant admits that Defendants Jason Morris and Rick Davidian likely executed an Agreement Limiting Certain Unfair Activities ("ALCUA") with some entity and that Agreement speaks for itself. Defendant denies any allegations inconsistent with the terms of that agreement. Defendant denies any remaining allegations in Paragraph 28 of the Complaint.

29.     In response to the allegations in Paragraph 29 of the Complaint, Defendant admits that Defendants Jason Morris and Rick Davidian likely executed an Agreement Limiting Certain Unfair Activities ("ALCUA") with some entity and that Agreement speaks for itself. Defendant denies any allegations inconsistent with the terms of that agreement. Defendant denies any remaining allegations in Paragraph 29 of the Complaint.

30.     In response to the allegations in Paragraph 30 of the Complaint, Defendant admits that Defendants Jason Morris and Rick Davidian likely executed an Agreement Limiting Certain Unfair Activities ("ALCUA") with some entity and that Agreement speaks for itself. Defendant denies any allegations inconsistent with the terms of that agreement. Defendant denies any remaining allegations in Paragraph 30 of the Complaint.

31.     In response to the allegations in Paragraph 31 of the Complaint, Defendant admits that Defendant Jason Morris executed a Confidential Severance Agreement and Release ("2024 Separation Agreement") with some entity and a 2024 Agreement Limiting Certain Unfair Activities ("2024 ALCUA") with some entity and those agreements speak for themselves. Defendant denies any allegations inconsistent with the terms of those agreements. Defendant denies any remaining allegations in Paragraph 31 of the Complaint.

32.     In response to the allegations in Paragraph 32 of the Complaint, Defendant admits that Defendant Jason Morris executed a Confidential Severance Agreement and Release ("2024

Separation Agreement") with some entity and that agreement speaks for itself. Defendant denies any allegations inconsistent with the terms of that agreement. Defendant denies any remaining allegations in Paragraph 32 of the Complaint.

33. In response to the allegations in Paragraph 33 of the Complaint, Defendant admits that Defendant Jason Morris executed a 2024 Agreement Limiting Certain Unfair Activities ("2024 ALCUA") with some entity and that agreement speaks for itself. Defendant denies any allegations inconsistent with the terms of that agreement. Defendant denies any remaining allegations in Paragraph 33 of the Complaint.

34. In response to the allegations in Paragraph 34 of the Complaint, Defendant admits that Defendant Jason Morris executed a 2024 Agreement Limiting Certain Unfair Activities ("2024 ALCUA") and that agreement speaks for itself. Defendant denies any allegations inconsistent with the terms of that agreement. Defendant denies any remaining allegations in Paragraph 34 of the Complaint.

35. In response to the allegations in Paragraph 35 of the Complaint, Defendant admits that Defendant Rick Davidian executed a Confidential Severance Agreement and Release with some entity and that agreement speaks for itself. Defendant denies any allegations inconsistent with the terms of that agreement. Defendant denies any remaining allegations in Paragraph 35 of the Complaint.

36. In response to the allegations in Paragraph 36 of the Complaint, Defendant admits that Defendant Rick Davidian executed a Confidential Severance Agreement and Release with some entity and that agreement speaks for itself. Defendant denies any allegations inconsistent with the terms of that agreement. Defendant denies any remaining allegations in Paragraph 36 of the Complaint.

37.    In response to the allegations in Paragraph 37 of the Complaint, Defendant admits that on May 21, 2010, MADI was organized in the State of South Carolina and the listed organizers are Deborah Lynn Morris and Venice Juanna Davidian, the wives of Defendants Morris and Davidian, respectively. Defendant denies the remaining allegation in Paragraph 37 of the Complaint.

38.    Defendant admits the allegations in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations in Paragraph 40 of the Complaint.

41.    Defendant denies the allegations in Paragraph 41 of the Complaint.

42.    In response to the allegations in Paragraph 42 of the Complaint, Defendant admits that Defendant Jason Morris various emails and those emails speak for themselves. Defendant denies any allegations inconsistent with the language of those emails. Defendant further admits that Defendant Jason Morris participated in MADI product development discussions, participated in MADI meetings in 2022, and used a calendar.  Defendant denies any allegations inconsistent with that calendar. Defendant specifically denies using any Trade Secrets or Confidential Information in connection with MADI. Defendant denies the remaining allegations in Paragraph 42 of the Complaint.

43.    In response to the allegations in Paragraph 43 (incorrectly numbered 42) of the Complaint, Defendant admits that Defendant Jason Marris was terminated and that MADI filed a Foreign Limited Liability Company application for Registration in Alabama, signed by Jason Morris as CEO/President, on or about May 23, 2024. Defendant denies any remaining allegations in Paragraph 43 (incorrectly numbered 42) of the Complaint.

44.     Defendant admits the allegations in Paragraph 44 (incorrectly numbered 43) of the Complaint.

45.     In response to the allegations in Paragraph 45 (incorrectly numbered 44) of the Complaint, Defendant admits that Defendant Rick Davidian signed various Powers of Attorney on behalf of MADI and sent various emails, which speak for themselves. Defendant denies any allegations inconsistent with the language of the emails. Defendant specifically denies using any of Plaintiffs' Trade Secrets or Confidential Information in connection with MADI. Defendant denies the remaining allegations in Paragraph 45 (incorrectly numbered 44) of the Complaint.

46.     In response to the allegations in Paragraph 46 (incorrectly numbered 45) of the Complaint, Defendant admits that Defendant Rick Davidian sent various emails, which speak for themselves. Defendant denies any allegations inconsistent with the language of the emails. Defendant specifically denies using any of Plaintiffs' Trade Secrets or Confidential Information in connection with MADI. Defendant denies the remaining allegations in Paragraph 46 (incorrectly numbered 45) of the Complaint.

47.     In response to the allegations in Paragraph 47 (incorrectly numbered 46) of the Complaint, Defendant admits that Defendant Rick Davidian sent various emails and those emails speak for themselves. Defendant denies any allegations inconsistent with the language of those emails. Defendant specifically denies using any of Plaintiffs' Trade Secrets or Confidential Information in connection with MADI. Defendant denies the remaining allegations in Paragraph 47 (incorrectly numbered 46) of the Complaint.

48.     In response to allegations in Paragraph 48 (incorrectly numbered 47) of the Complaint, Defendant admits that Heavy Hitter Group/Easy Strike and Grown up Group have

supplied products for both MADI and other companies. Defendant denies the remaining allegations in Paragraph 48 (incorrectly numbered 47) of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 (incorrectly numbered 48) of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 (incorrectly numbered 49) of the Complaint.

51.     In response to the allegations in Paragraph 51 (incorrectly numbered 50) of the Complaint, Defendant admits that Defendant Jason Morris executed a Confidential Severance Agreement and Release ("2024 Separation Agreement") with some entity and that agreement speaks for itself. Defendant denies any allegations inconsistent with the terms of that agreement. Defendant denies the remaining allegations in Paragraph 51 (incorrectly numbered 50) of the Complaint.

52.     In response to the allegations in Paragraph 52 (incorrectly numbered 51) of the Complaint, Defendant admits that Defendant Jason Morris provided certifications. Defendant denies the remaining allegations in Paragraph 52 (incorrectly numbered 51) of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 (incorrectly numbered 52) of the Complaint.

54.     Defendant denies the allegations in Paragraph 54 (incorrectly numbered 53) of the Complaint.

**FOR A FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT—2024 SEPARATION AGREEMENT)**
**(Against Defendant Morris)**

55. Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 54 (incorrectly numbered 53) as though fully restated in response to Paragraph 55 (incorrectly numbered 54) of the Complaint.

56. The allegations in Paragraph 56 (incorrectly numbered 55) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 (incorrectly numbered 55) of the Complaint.

57. Defendant denies the allegations in Paragraph 57 (incorrectly numbered 56) of the Complaint.

58. Defendant denies the allegations in Paragraph 58 (incorrectly numbered 57) of the Complaint.

**FOR A SECOND CAUSE OF ACTION**
**(BREACH OF CONTRACT—2024 ALCUA)**
**(Against Defendant Morris)**

59. Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 58 (incorrectly numbered 57) as though fully restated in response to Paragraph 59 (incorrectly numbered 58) of the Complaint.

60. The allegations in Paragraph 60 (incorrectly numbered 59) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 60 (incorrectly numbered 59) of the Complaint.

61. Defendant denies the allegations in Paragraph 61 (incorrectly numbered 60) of the Complaint.

62. Defendant denies the allegations in Paragraph 62 (incorrectly numbered 61) of the Complaint.

63.     Defendant denies the allegations in Paragraph 63 (incorrectly numbered 62) of the Complaint.

### FOR A THIRD CAUSE OF ACTION
### (BREACH OF CONTRACT—2011 ALCUA)
### (Against Defendant Morris)

64.     Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 63 (incorrectly numbered 62) as though fully restated in response to Paragraph 64 (incorrectly numbered 63) of the Complaint.

65.     Defendant denies the allegations in Paragraph 65 (incorrectly numbered 64) of the Complaint.

66.     Defendant denies the allegations in Paragraph 66 (incorrectly numbered 65) of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 (incorrectly numbered 66) of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 (incorrectly numbered 67) of the Complaint.

### FOR A FOURTH CAUSE OF ACTION
### (BREACH OF CONTRACT—2011 ALCUA)
### (Against Defendant Davidian)

69.     Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 68 (incorrectly numbered 67) as though fully restated in response to Paragraph 69 (incorrectly numbered 68) of the Complaint.

70.     The allegations in Paragraph 70 (incorrectly numbered 69) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 70 (incorrectly numbered 69) of the Complaint.

71. Defendant denies the allegations in Paragraph 71 (incorrectly numbered 70) of the Complaint.

72. Defendant denies the allegations in Paragraph 72 (incorrectly numbered 71) of the Complaint.

73. Defendant denies the allegations in Paragraph 73 (incorrectly numbered 72) of the Complaint.

**FOR A FIFTH CAUSE OF ACTION**
**(BREACH OF CONTRACT—SEVERANCE AGREEMENT)**
**(Against Defendant Davidian)**

74. Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 73 (incorrectly numbered 72) as though fully restated in response to Paragraph 74 (incorrectly numbered 73) of the Complaint.

75. The allegations in Paragraph 75 (incorrectly numbered 74) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 75 (incorrectly numbered 74) of the Complaint.

76. Defendant denies the allegations in Paragraph 76 (incorrectly numbered 75) of the Complaint.

77. Defendant denies the allegations in Paragraph 77 (incorrectly numbered 76) of the Complaint.

78. Defendant denies the allegations in Paragraph 78 (incorrectly numbered 77) of the Complaint.

**FOR A SIXTH CAUSE OF ACTION**
**(MISAPPROPRIATION OF TRADE SECRETS UNDER THE DEFEND TRADE SECRETS ACT)**
**(Against all Defendants)**

79. Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 78 (incorrectly numbered 77) as though fully restated in response to Paragraph 79 (incorrectly numbered 78) of the Complaint.

80. The allegations in Paragraph 80 (incorrectly numbered 79) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 80 (incorrectly numbered 79) of the Complaint.

81. The allegations in Paragraph 81 (incorrectly numbered 80) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 81 (incorrectly numbered 80) of the Complaint.

82. The allegations in Paragraph 82 (incorrectly numbered 81) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 82 (incorrectly numbered 81) of the Complaint.

83. Defendant denies the allegations in Paragraph 83 (incorrectly numbered 82) of the Complaint.

84. Defendant denies the allegations in Paragraph 84 (incorrectly numbered 83) of the Complaint.

85. The allegations in Paragraph 85 (incorrectly numbered 84) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 85 (incorrectly numbered 84) of the Complaint.

86. Defendant denies the allegations in Paragraph 86 (incorrectly numbered 85) of the Complaint.

87. Defendant denies the allegations in Paragraph 87 (incorrectly numbered 86) of the Complaint.

## FOR A SEVENTH CAUSE OF ACTION
## (MISAPPROPRIATION OF TRADE SECRETS UNDER
## SOUTH CAROLINA LAW)
## (Against All Defendants)

88.     Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 87 (incorrectly numbered 86) as though fully restated in response to Paragraph 88 (incorrectly numbered 87) of the Complaint.

89.     The allegations in Paragraph 89 (incorrectly numbered 88) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 (incorrectly numbered 88) of the Complaint.

90.     Defendant denies the allegations in Paragraph 90 (incorrectly numbered 89) of the Complaint.

91.     Defendant denies the allegations in Paragraph 91 (incorrectly numbered 90) of the Complaint.

92.     Defendant denies the allegations in Paragraph 92 (incorrectly numbered 91) of the Complaint.

## FOR AN EIGHTH CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY / BREACH OF DUTY OF LOYALTY)
## (Against Defendants Morris and Davidian)

93.     Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 92 (incorrectly numbered 91) as though fully restated in response to Paragraph 93 (incorrectly numbered 92) of the Complaint.

94.     The allegations in Paragraph 94 (incorrectly numbered 93) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 94 (incorrectly numbered 93) of the Complaint.

95.     Defendant denies the allegations in Paragraph 95 (incorrectly numbered 94) of the Complaint.

96.     Defendant denies the allegations in Paragraph 96 (incorrectly numbered 95) of the Complaint.

### FOR A NINTH CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS)
### (Against Defendant MADI)

97.     Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 96 (incorrectly numbered 95) as though fully restated in response to Paragraph 97 (incorrectly numbered 96) of the Complaint.

98.     The allegations in Paragraph 98 (incorrectly numbered 97) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 98 (incorrectly numbered 97) of the Complaint.

99.     Defendant denies the allegations in Paragraph 99 (incorrectly numbered 98) of the Complaint.

100.     Defendant denies the allegations in Paragraph 100 (incorrectly numbered 99) of the Complaint.

101.     Defendant denies the allegations in Paragraph 101 (incorrectly numbered 100) of the Complaint.

### FOR A TENTH CAUSE OF ACTION
### (UNJUST ENRICHMENT)
### (Against All Defendants)

102.     Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 101 (incorrectly numbered 100) as though fully restated in response to Paragraph 102 (incorrectly numbered 101) of the Complaint.

16

103.    Defendant denies the allegations in Paragraph 103 (incorrectly numbered 102) of the Complaint.

104.    Defendant denies the allegations in Paragraph 104 (incorrectly numbered 103) of the Complaint.

105.    Defendant denies the allegations in Paragraph 105 (incorrectly numbered 104) of the Complaint.

**FOR AN ELEVENTH CAUSE OF ACTION**
**(FRAUD)**
**(Against Defendant Morris)**

106.    Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 105 (incorrectly numbered 104) as though fully restated in response to Paragraph 106 (incorrectly numbered 105) of the Complaint.

107.    The allegations in Paragraph 107 (incorrectly numbered 106) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 107 (incorrectly numbered 106) of the Complaint.

108.    Defendant denies the allegations in Paragraph 108 (incorrectly numbered 107) of the Complaint.

109.    Defendant denies the allegations in Paragraph 109 (incorrectly numbered 108) of the Complaint.

110.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 (incorrectly numbered 109) of the Complaint, and, therefore, denies them.

111.    Defendant denies the allegations in Paragraph 111 (incorrectly numbered 110) of the Complaint.

112.     Defendant denies the allegations in Paragraph 112 (incorrectly numbered 111) of the Complaint.

## FOR A TWELFTH CAUSE OF ACTION
### (CIVIL CONSPIRACY)
### (Against all Defendants)

113.     Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 112 (incorrectly numbered 111) as though fully restated in response to Paragraph 113 (incorrectly numbered 112) of the Complaint.

114.     Defendant denies the allegations in Paragraph 114 (incorrectly numbered 113) of the Complaint.

115.     Defendant denies the allegations in Paragraph 115 (incorrectly numbered 114) of the Complaint.

116.     Defendant denies the allegations in Paragraph 116 (incorrectly numbered 115) of the Complaint.

117.     Defendant denies the allegations in Paragraph 117 (incorrectly numbered 116) of the Complaint.

118.     Defendant denies the allegations in Paragraph 118 (incorrectly numbered 117) of the Complaint.

119.     Defendant denies the allegations in Paragraph 119 (incorrectly numbered 118) of the Complaint.

120.     Defendant denies the allegations in Paragraph 120 (incorrectly numbered 119) of the Complaint.

## FOR A THIRTEENTH CAUSE OF ACTION
### (VIOLATION OF THE UNFAIR TRADE PRACTICES ACT, S.C. CODE ANN § 39-5-10, et seq.)
### (Against all Defendants)

121. Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 120 (incorrectly numbered 119) as though fully restated in response to Paragraph 121 (incorrectly numbered 120) of the Complaint.

122. The allegations in Paragraph 122 (incorrectly numbered 121) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 122 (incorrectly numbered 121) of the Complaint.

123. Defendant denies the allegations in Paragraph 123 (incorrectly numbered 122) of the Complaint.

124. In response to the allegations in Paragraph 124 (incorrectly numbered 123) of the Complaint, Defendants Jason Morris and Rick Davidian worked for TTI Consumer Power Tools, Inc. Defendant denies any remaining allegations in Paragraph 124 (incorrectly numbered 123) of the Complaint.

125. Defendant denies the allegations in Paragraph 125 (incorrectly numbered 124) of the Complaint.

126. Defendant denies the allegations in Paragraph 126 (incorrectly numbered 125) of the Complaint.

127. Defendant denies the allegations in Paragraph 127 (incorrectly numbered 126) of the Complaint.

128. Defendant denies the allegations in Paragraph 128 (incorrectly numbered 127) of the Complaint.

129. Defendant denies the allegations in Paragraph 129 (incorrectly numbered 128) of the Complaint.

130. Defendant denies the allegations in Paragraph 130 (incorrectly numbered 129) of the Complaint.

131. Defendant denies the allegations in Paragraph 131 (incorrectly numbered 130) of the Complaint.

## FOR A FOURTEENTH CAUSE OF ACTION
### (RETURN OF PROPERTY)
### (Against Defendants Morris and Davidian)

132. Defendant repeats and realleges its responses to Paragraphs 1 through Paragraph 131 (incorrectly numbered 130) as though fully restated in response to Paragraph 132 (incorrectly numbered 131) of the Complaint.

133. The allegations in Paragraph 133 (incorrectly numbered 132) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 133 (incorrectly numbered 132) of the Complaint.

134. Defendant denies the allegations in Paragraph 134 (incorrectly numbered 133) of the Complaint.

135. The allegations in Paragraph 135 (incorrectly numbered 134) of the Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in Paragraph 135 (incorrectly numbered 134) of the Complaint.

## PRAYER FOR RELIEF

136. Regarding the "Prayer for Relief" paragraph following enumerated Paragraph 135 (incorrectly numbered 134) of the Complaint, Defendant denies that Plaintiffs are entitled to any of the relief sought in that Paragraph or to any other remedy or relief from Defendant.

137. To the extent not specifically admitted herein, Defendant denies each and every allegation contained within the Complaint.

## FOR A SECOND DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

## FOR A THIRD DEFENSE

At all relevant times, Defendant acted in good faith and in accordance with all applicable statutory and common law obligations. Moreover, Defendant did not directly or indirectly perform any acts that would constitute a violation of any rights of the Plaintiffs or any duty owed to the Plaintiffs.

## FOR A FOURTH DEFENSE

The Complaint is barred in whole or in part by the doctrines of waiver or laches.

## FOR A FIFTH DEFENSE

Plaintiffs' claims and causes of action relating to trade secret misappropriation or use of confidential information, including but not limited to alleged violations of the South Carolina Trade Secrets Act and the Defend Trade Secrets Act, or any contract or common law claim, should be barred in whole or in part on one or more of the following grounds:

(a) Defendant has not misappropriated any property belonging to Plaintiffs, including but not limited to alleged trade secrets;

(b) Plaintiffs cannot establish that Defendant used or disclosed trade secrets or other confidential or proprietary information;

(c) Any information accessed, viewed, used, or transferred by Defendant contained no confidential, proprietary, or trade secret information belonging to Plaintiffs;

(d) Plaintiffs do not allege with particularity or properly define what alleged trade secrets they are trying to protect;

21

(e) Plaintiffs have failed to establish that any of the information they seek to protect rises to the level of or should be classified as a legal trade secret;

(f) Plaintiffs' alleged trade secrets were already in the public domain and/or Plaintiffs shared this information with other third parties;

(g) Plaintiffs' alleged trade secrets were readily ascertainable or known to or within the tool industry;

(h) Defendant never relied on any such alleged trade secrets, took precautions to prevent the use of any such alleged trade secrets, and/or independently developed such alleged trade secrets;

(i) To the extent Plaintiffs' information constitutes trade secrets, Plaintiffs failed to take efforts that were reasonable under the circumstances to protect such alleged trade secrets from disclosure;

(j) Plaintiffs' theory of "inevitable disclosure" is not recognized, and should not be recognized under these circumstances, by relevant state or federal law; and

(k) Or any other statutory or common law exclusions.

## **FOR A SIXTH DEFENSE**

Plaintiffs' claims regarding and/or referencing a breach of contract, tortious interference with contract, or any allegations relating to or dependent on any violation of a restrictive covenant in the Complaint should be barred in whole or in part on one or more of the following grounds:

(a) Defendant did not breach any agreement (or any legally enforceable restrictive covenant contained in any such agreement) with the Plaintiffs;

(b) The restrictive covenants were not supported by adequate consideration;

(c) The restrictive covenants are overly-broad, ambiguous, and incapable of being ascertained;

(d) The restrictive covenants do not reasonably define the geographical scope of the restriction;

(e) The restrictive covenants improperly restrain the Defendant's rights and abilities to work and conduct business; and

(f) The restrictive covenants are contrary to public policy.

### FOR A SEVENTH DEFENSE

Defendant did not owe any fiduciary duty or duty of loyalty to Plaintiffs as alleged in the Complaint. To the extent that any such duty of loyalty or fiduciary duty was owed, Defendant did not breach his duties of loyalty or fiduciary duties to Plaintiffs. In particular, among other things, Defendant did not directly compete with Plaintiffs when he was still actively employed by Plaintiffs, did not use Plaintiffs' resources during business hours to compete with Plaintiffs, did not misappropriate Plaintiffs' profits, property, or business opportunities, and did not use Plaintiffs' trade secrets after leaving their employment.

### FOR AN EIGHTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have not suffered any damages or injuries. Further, Plaintiffs are not entitled to recover punitive damages, treble damages, or attorneys' fees and costs under the applicable law or contracts, and all claims for such damages should be dismissed.

**FOR A NINTH DEFENSE**

Plaintiffs' claims for damages are speculative, ambiguous, and illusory, and any award of damages against Defendant would be improper. Plaintiffs have failed to allege special damages as required.

**FOR A TENTH DEFENSE**

Plaintiffs' claims (which Defendant denies) constitute a private wrong not affecting the public.

**FOR AN ELEVENTH DEFENSE**

Plaintiffs' alleged harm was caused by independent, intervening factors for which Defendant is not responsive and over which Defendant had or has no control.

**FOR A TWELFTH DEFENSE**

To the extent Plaintiffs suffered any damages, which is expressly denied, Plaintiffs' damages are subject to mitigation and are barred in whole or in part by Plaintiffs' failure to mitigate such damages.

**FOR A THIRTEENTH DEFENSE**

Plaintiffs' claims are barred by the intra-corporate immunity doctrine.

**FOR A FOURTEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by applicable statute of limitation(s) and/or repose.

**FOR A FIFTEENTH DEFENSE**

Plaintiffs' Complaint and each and every allegation therein is barred in whole or in part by the doctrine of after-acquired evidence, or, alternatively, the doctrine of after-acquired evidence limits and reduces Plaintiffs' alleged damages.

24

## FOR A SIXTEENTH DEFENSE

Any award of punitive damages would violate the due process clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States.  Therefore, Plaintiffs' claim for punitive damages is barred.

## FOR A SEVENTEENTH DEFENSE

Plaintiffs' claim for damages should be limited by the applicable provisions of South Carolina statutory and common law, specifically including, but not limited to, S.C. Code Ann. § 15-32-530.

## FOR AN EIGHTEENTH DEFENSE

Plaintiffs' Complaint is barred, in whole or in part, because Plaintiffs lack standing to bring the claims in this action.

## FOR A NINETEENTH DEFENSE

Plaintiffs' Breach of Contract claims fail, in whole or in part, because Plaintiffs lack privity of contract with Defendant.

## FOR A TWENTIETH DEFENSE

Plaintiffs' Complaint should be dismissed because Defendant's actions were undertaken in good faith and for legitimate reasons.

## FOR A TWENTY-FIRST DEFENSE

The economic loss doctrine bars any tort recovery for claims substantially related to the contract claims.

## FOR A TWENTY-SECOND DEFENSE

Plaintiffs' claim regarding and/or referencing tortious interference with contractual relations should be barred in whole or in part on one or more of the following grounds:

(a) No valid, enforceable contract exists to support Plaintiffs' tortious interference claims;

(b) To the extent a valid contract exists, Defendant Jason Morris and Rick Davidian did not breach any valid or enforceable provision of such an agreement;

(c) Defendant was justified in any alleged interference because, among other things, it was acting in the advancement of its legitimate business interests or legal rights;

(d) Defendant did not engage in any conduct for an improper purpose or through improper means;

(e) Even if one or more Defendants had an improper purpose, which Defendants expressly deny, the improper purpose did not predominate over that Defendant's legitimate purpose;

(f) The restrictive covenants are otherwise unenforceable under applicable law, and therefore all of the causes of action referencing, dependent on, and/or requiring the existence of an enforceable restrictive covenant should be struck, dismissed, and/or barred.

## FOR A TWENTY-THIRD DEFENSE

Defendant reserves the right to amend this Answer and to add further defenses that may become known after filing of this pleading.

## DEFENDANT'S FIRST COUNTERCLAIM AGAINST PLAINTIFFS
### (Declaratory Judgment)

1.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 this Court is empowered to declare rights, status, and other legal relations, with such declaration having the force and effect of a final judgment.

2.     Specifically, the Declaratory Judgment Act, 28 U.S.C. § 2201 permits any party interested under a written contract to have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other legal relations thereunder.

26

3.      An actual case or controversy appropriate for resolution by declaratory relief exists between the Counterclaimants and Plaintiffs with respect to the validity and/or enforceability of the restrictive covenants found in the Agreement Regarding Trade Secrets and Confidential or Proprietary Information and Inventions and 2011 Agreement Limiting Certain Unfair Activities.

4.      Without providing the agreements or even language from the agreements, Plaintiffs assert that Defendant tortiously interfered with 2011 Agreement Limiting Certain Unfair Activities and 2024 2011 Agreement Limiting Certain Unfair Activities. Not only is this factually untrue but the restrictive covenants are unenforceable because they are unreasonable, overly broad, and violate the public policy of South Carolina.

5.      Defendant seeks a declaration that the restrictive covenants are unenforceable and void as unreasonable restraints on the ability of Defendant's ability to work in his chosen trades or professions.

6.      Defendant is entitled to judgment, pursuant to 18 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring that the restrictive covenants are invalid and unenforceable.

**WHEREFORE,** having fully answered Plaintiffs' Complaint, Defendant prays that:

A.      The Court enter judgment in its favor;

B.      That this Court order declaratory judgment in favor of Defendant against Plaintiffs;

C.      Plaintiffs' Complaint be dismissed with prejudice;

D.      The Court award Defendant all costs, expenses, fees, and damages that may arise with the defense of Plaintiffs' Complaint; and

E.      The Court award Defendant such further relief as it deems just and proper.


                                              _s/ Frank S. Stern_____
                                              Randle Moody, II (Fed. I.D. No. 7169)
                                              Frank S. Stern (Fed I.D. No. 12598)
                                              Joseph V. Valenza (Fed I.D. No. 14416)
                                              Jackson Lewis P.C.
                                              15 South Main Street, Suite 700
                                              Greenville, SC 29601
                                              Phone: (864) 232-7000
                                              Randy.Moody@jacksonlewis.com
                                              Frank.Stern@jacksonlewis.com
                                              Joseph.Valenza@jacksonlewis.com

                                              ATTORNEYS FOR DEFENDANT MADI,
                                              LLC

April 15, 2026

28